UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN WISE,<br>Plaintiff,<br>v.<br>SGT. MARQUEZ, *et al.*,<br>Defendants. | Case No. 3:26-CV-00406-ART-CLB<br>ORDER |

Plaintiff Steven Wise brings this civil-rights lawsuit to redress constitutional violations that he allegedly suffered while incarcerated. Plaintiff has filed a series of filings and documents in this case since submitting his initial complaint. Currently pending before the Court are the following motions: (1) motion to issue subpoena, (ECF No. 3); (2) motions requesting service upon defendants, (ECF Nos. 17, 31); (2) motions or documents requesting a status check, (ECF Nos. 26, 27, 34); and (4) a motion to expediate these proceedings, (ECF No. 24.) Each of these motions or documents are either premature and/or procedurally improper. Therefore, each of these motions are DENIED.

As a starting point, the Court explained in the advisory letter that it sent Plaintiff when he initiated this action, "[t]he Court will review your complaint before docketing and service of defendants." (ECF No. 2 at 1.) Review means that the Court will "screen" the complaint under 28 U.S.C. § 1915A "to identify any 'colorable claims'" and dismiss any claims that are frivolous, malicious, or fail to state a colorable claim for relief or seek monetary damages from any defendant who is immune from that relief." (*Id.*) "This process may take many months." (*Id.*) Until this process has taken place, there are no claims that require any type of discovery to be provided (such as the issuance of subpoenas), service to be made on any defendant, court intervention, or the like. In this instance, the Court has not yet screened Plaintiff's complaint and there is no basis to expediate the screening of the complaint. Accordingly, discovery and service cannot and

will not be ordered until the Court determines whether any of Plaintiff's claims can proceed. Accordingly, Plaintiff's motions to issue subpoenas, to serve defendants, and to expediate these proceedings, (ECF Nos. 3, 17, 24, 31) are DENIED.

In addition, Plaintiff has filed several motions and/or documents seeking a "status check" in this case. (ECF Nos. 26, 27, 34.) Again, as the court clerk advised you in the "Advisory Letter" confirming receipt of your initial filings, (ECF No. 2), due to the large number of inmate civil rights actions pending before the Court, the Court is unable to respond in writing to individual inquiries regarding the status of your case. Plaintiff is advised, however, that your case is in line for screening, which may take many months to complete to the large volume of cases pending before the Court. Plaintiff must await the Court's initial review of cases filed ahead of yours which are being addressed at present. If you keep the Court apprised of your current address, you will receive all court decisions which might affect the status of your case. Moreover, Plaintiff is reminded and cautioned that motions seeking information on the status of the case should not be filed in the future.

In addition to each of the above motions, Plaintiff has also filed a series of documents and other improper filings in this case. (*See e.g.*, ECF Nos. 19, 20, 25 ("proof of intent to punish"); 21 (letter); 32 (request for default.)) Many of these documents are procedurally improper and/or violate the Court's General Order 2021-05. The Court understands that Plaintiff is proceeding *pro se* and it may be difficult to understand the process of litigation. However, Plaintiff is advised that all litigants, whether appearing *pro se* or represented by an attorney, are required to follow the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's standing orders. *See, e.g.*, *Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"); *King Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012.) Plaintiff is cautioned that the Court may strike any additional motion or improper filing that

fails to comply with these basic requirements.

For all these reasons, Plaintiff's motions, (ECF Nos. 3, 17, 24, 26, 27, 31), are **DENIED**.

**IT IS SO ORDERED.**

DATED: November 6, 2026



UNITED STATES MAGISTRATE JUDGE